O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR MEDINA, | ) | Case No. CV 14-02298 DDP (PLAx) |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | ) | |
| | ) | [Dkt. No. 7] |
| WELLS FARGO BANK, N.A., | ) | |
| Defendant. | ) | |

    Before the court is Defendant Wells Fargo Bank, N.A. ("Wells Fargo)'s Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 7.) The motion is fully briefed and suitable for decision without oral argument. Having considered the parties' submissions, the court adopts the following order.

**I.    Background**

    On December 5, 2007, Plaintiff borrowed $502,000 from World Savings Bank to purchase a property located at 2615-2615½ West Norwood Place, Alhambra, CA 91803.[1]  The loan was memorialized in a

---

[1] The Complaint, portions of which appear to have been copied from another action involving a different plaintiff, states elsewhere that the property at issue is 22411 N. Bear Creek Drive
(continued...)

signed note and secured by a signed deed of trust. (See Complaint ¶¶ 3, 8; Wells Fargo's Request for Judicial Notice, Exs. F & G.) World Savings was renamed Wachovia Mortgage, FSB on December 31, 2007 and later merged with Defendant Wells Fargo. (See RJN Exs. B, D.)

It appears Plaintiff began to have difficulties making payments on the loan as of August 15, 2009. (See RJN Ex. I at 2.) On January 16, 2012, Plaintiff received a Notice of Trustee Sale from Well's Fargo for a sale to take place February 16, 2012. (See Compl. ¶ 9.) A subsequent Notice of Trustee's Sale was recorded by Wells Fargo on January 8, 2014, setting a sale on January 30, 2014. (RJN Ex. J.)

On February 13, 2014, Plaintiff filed the instant action to quiet title under California Code of Civil Procedure § 760.020 in Los Angeles County Superior Court. Referring to the sale set for February 16, 2012, Plaintiff seeks a declaration of the court stating that neither Wells Fargo nor Regional Trustee Service Corporation have a right to bring the trustee sale; injunctive relief staying the trustee sale; and a declaration of quiet title and a determination of Plaintiff's title against the adverse interest of Wachovia Mortgage, a division of Wells Fargo, or Regional Trustee Service Corporation. (See FAC ¶¶ 9-22.)

---

[1](...continued)
North, Murrieta, CA 92652. (Compl. ¶ 20.) However, a review of the record confirms that the property actually at issue is located at 2615-2615½ West Norwood Place, Alhambra, CA 91803. (See RNJ Exs. F & G.)

2

Wells Fargo removed the action to this court on March 25, 2014. (Dkt. No. 1.) On April 1, 2014, it filed the instant Motion to Dismiss. (Dkt. No. 7.)

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.  544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Iqbal</u>, 129 S. Ct. at 1949.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." <u>Id</u>. at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id</u>. at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id</u>. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise

3

"above the speculative level." <u>Twombly</u>, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950.

### III. Discussion

Wells Fargo initially contends that Plaintiff's claims are preempted by the Home Owners Loan Act of 1933, 12 U.S.C. § 1461 <u>et seq</u> ("HOLA"), and regulations promulgated pursuant thereto by the Treasury Department's Office of Thrift Supervision ("OTS"), 12 C.F.R. § 560.2. (<u>See</u> Motion at 5.) While most courts have held that quiet title and wrongful foreclosure actions involving similar facts are preempted under HOLA, there is some split in authority on this issue. <u>See</u>, <u>e.g.</u>, <u>Terrazas v. Wells Fargo Bank, N.A.</u>, 2013 WL 5774120, at *7 (S.D. Cal. Oct. 24, 2013) (Plaintiff's quiet title action based on contention that Wells Fargo is not the true owner of deed of trust signed with World Savings Bank "is clearly within the bounds of HOLA" preemption.); <u>Winding v. Cal-W. Reconveyance Corp.</u>, 2011 WL 221321, at *13 (E.D. Cal. Jan. 24, 2011) (same). <u>But see</u> <u>Cheung v. Wells Fargo Bank, N.A.</u>, 2013 WL 6017497, at *1 (N.D. Cal. Sept. 25, 2013)(holding that wrongful foreclosure claim asserting that Wells Fargo was not beneficiary of mortgage with World Savings Bank is not preempted under HOLA). However, the court need not resolve the preemption question in the instant case because Plaintiff's claim plainly fails on the merits.

The only basis for relief asserted in this action to quiet title is that the power of sale in the deed of trust, signed

originally with World Savings Bank, did not pass through to Wells Fargo (or its agent-designee Regional Trustee Service Corporation) because the latter were never validly assigned the deed of trust. (See Compl. ¶¶ 14-15.) However, Wells Fargo did not obtain or claim to obtain power of sale by dint of an assignment, but rather became World Savings' successor-in-interest via a merger. Judicially noticeable documents submitted by Wells Fargo establish that World Savings Bank, FSB, simply changed its name to Wachovia Mortgage, FSB, which then merged with Wells Fargo Bank.(See RJN Exs. B, D.) Because Wells Fargo obtained World Savings' interests through that merger, no assignment of interest was necessary. See, e.g., Hale v. World Sav. Bank, 2012 WL 4675561, at *5 (E.D. Cal. Oct. 1, 2012). ("Wells Fargo is the successor-in-interest to Wachovia, which was the successor-in-interest to World Savings. It was thus unnecessary to assign the Deed of Trust to Wells Fargo since the original lender, World Savings, simply changed its name to Wachovia and then merged into Wells Fargo."); Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) (same). Plaintiff's Complaint therefore lacks merit.

In view of this conclusion, the court does not reach Wells Fargo's other arguments in support of the instant Motion.

Because the sole basis for relief is plainly meritless, the court finds that leave to amend would be futile and dismissal with prejudice is therefore warranted. Plaintiff asserts in his Opposition that if granted leave to amend, he would allege that:

(1) the assignment of [Plaintiff's] loan into the WAMU Trust is improper because it was not assigned before the end of 2008

as required by the Trust Agreement, and (2) the October 2010 assignments are improper because the person purporting to sign the assignment lacked the authority to execute the assignments.

(Opposition at 8-9.) These contentions appear to have been copied from a different case involving a different borrower and lender: the loan here involved World Savings Bank, not WAMU; ordinated in 2005, not 2008; and no party has asserted that any assignment took place in "October 2010." In any case, the proposed amendments do not address the above-described defect that is fatal to Plaintiff's claim: that no assignment was necessary. Lacking any basis to conclude that Plaintiff could cure the Complaint's defects with an amended filing, the court will dismiss the action with prejudice.

**IV.  Conclusion**

    For the reasons stated herein, Defendant Wells Fargo's Motion to Dismiss is GRANTED with prejudice.

IT IS SO ORDERED.

Dated: May 14, 2014

                              DEAN D. PREGERSON
                              United States District Judge